Filed 12/19/25  Daniel D. v. Zoya K. CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| DANIEL D., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ZOYA K., <br><br> Defendant and Appellant. | A169287, A170016 <br><br><br> (Alameda County <br> Super. Ct. No. HF22135320) |

In this consolidated appeal, we consider challenges from defendant, Zoya K. (mother), to family court orders to renew and modify a domestic violence restraining order (renewed DVRO) and to deny her motion for reconsideration after a hearing.[1]  Mother, proceeding in propria persona, contends the trial court abused its discretion and committed legal error by (1) adding her son, Leonardo D. (minor), as a protected party, under the renewed DVRO and (2) refusing to admit or consider her new evidence supporting her motion for reconsideration.

---

[1] We consolidate mother's two related appeals for purposes of this opinion.  (See Code Civ. Proc., § 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable.  However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order"].)

1

Plaintiff, Daniel D. (father), also proceeding in propria persona, responds that mother, his former wife, failed to provide an adequate record or otherwise meet her burden on appeal to affirmatively show error. He further contends the trial court properly considered and rejected her evidentiary showing on reconsideration. We agree with the father on both contentions. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and father have, by all accounts, had a contentious relationship—spanning their marriage; divorce; and, now, their coparenting of 12-year-old minor. Indeed, the parties have been on either side of restraining orders, contempt proceedings, and accusations of child abuse in both juvenile and family court, first in Los Angeles County and now in Alameda County. No purpose would be served by our documenting their complete, tumultuous history. We thus recite only facts necessary to our resolution of this consolidated appeal.

On August 16, 2018, following a contested hearing, a family court judge in Los Angeles County issued an order to renew a DVRO (Judicial Council Forms, form DV-730) naming father as the protected party and mother as the restrained party for a five-year period ending on July 27, 2023. Under this DVRO, mother was prohibited from, among other things, harassing, attacking, stalking, or disturbing the peace of father, and was required to stay at least 100 yards away from his person, work and vehicle. Mother was, however, permitted to have monitored visitation with minor.

On January 14, 2020, a family court judge in Los Angeles County granted father sole legal custody of minor. On December 16, 2021, after mother expressed confusion regarding the status of minor's custody, the same

2

court confirmed this order was still in place. In doing so, the court also denied mother's request to modify the current custody and visitation orders.[2]

On July 11, 2023, just weeks before the five-year DVRO was set to expire, father filed a request to renew a DVRO (Judicial Council Forms, form DV-700) in Alameda County Family Court that included a request to add minor as a protected party. Mother filed a response to his request on July 25, 2023.

A contested hearing began on September 21, 2023, with mother appearing in propria persona and father appearing through counsel. Following a continued hearing on October 19, 2023, the trial court granted father's request. Specifically, the court issued a renewed DVRO (Judicial Council Forms, form DV-730), effective until October 19, 2028, which, consistent with father's request, added minor as a protected party pursuant to Family Code section 6320, subdivision (a).[3] The renewed DVRO included a provision requiring mother to stay at least 100 yards away from father and from minor while he is at school, childcare or his therapist's office.

Under this order, mother was permitted to have "brief and peaceful contact with [father] to only communicate about [minor] for court-ordered visits" and "contact with [minor] only during court-ordered contact or visits." Mother thus continued to have unmonitored visitation with minor every other weekend, Saturday and Sunday 11:00 a.m. to 5:00 p.m., and every Wednesday from 3:30 p.m. to 7:00 p.m., with exchanges occurring at the Dublin Police Department. Finally, the court consolidated all existing custody and visitation orders to facilitate the parties' compliance.

---

[2] Mother was granted unmonitored visitation starting August 21, 2021.

[3] The court filed an amended version of the renewed DVRO with substantially the same terms on October 20, 2023.

3

On November 2, 2023, mother moved for reconsideration of the renewed DVRO to the extent it added minor as a protected party.

On December 5, 2023, mother filed a notice of appeal from the DVRO issued on October 19, 2023 (to wit, case No. A169287). Mother then filed a declaration with accompanying exhibits in support of her motion for reconsideration. She also issued a subpoena to minor's therapist to testify at the hearing.

Father filed a response and then, a week later, a separate in limine motion to exclude confidential dependency court records and requests to seal evidence and for sanctions, all relating to mother's declaration and accompany exhibits. Mother opposed the motion on January 8, 2024.

At the contested hearing held January 18, 2024, the trial court heard mother's motion for reconsideration. Afterward, the court reaffirmed its prior orders, concluding: "There is nothing new that is a substantial change of circumstances that warrant changing any previous orders . . . ." The court also granted father's motion to seal the declaration and exhibits attached to mother's motion.

On February 13, 2024, mother filed a notice of appeal of the trial court's January 18, 2024 order (to wit, case No. A170016).

## DISCUSSION

The Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.)[4] authorizes a court to issue a DVRO "if an affidavit . . . shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).) This abuse can take many forms, including molesting,

---

[4] Unless otherwise stated, all statutory citations herein are to the Family Code.

4

stalking, threatening, harassing, coming within a specified distance of, or disturbing the peace of the other party.  (§ 6320, subd. (a).)

Section 6345 allows for the renewal of valid restraining orders after hearing.  The statute " 'permits a court to extend the term of an order "without a showing of further abuse since the issuance of the original order." This renewal may be "for five or more years, or permanently, at the discretion of the court." ' " (*Navarro v. Cervera* (2025) 108 Cal.App.5th 229, 237 (*Navarro*).)  "In evaluating whether to grant renewal of a DVRO, 'the question is whether a reasonable person, in the petitioner's circumstances, would fear repetition of the abuse if the order expired.'  ([Citation]; [citation] ['The legal standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse.'].)  This question only requires petitioners to demonstrate ' "it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension genuine and reasonable.' " (*Id.* at pp. 237–238.)

On appeal, an order to renew or modify a restraining order is reviewed for abuse of discretion, with the court's underlying factual findings reviewed for substantial evidence.  (*Navarro, supra*, 108 Cal.App.5th at p. 238.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.)  This abuse of discretion standard also applies to an order denying a motion for reconsideration.  (*Hudson v. County of Los Angeles* (2014) 232 Cal.App.4th 392, 408.)

## I.    *The Renewed DVRO.*

Mother challenges the renewed DVRO to the extent it includes minor as a protected party on the grounds that: (1) father's failure to file the correct form (Judicial Council Forms, form DV-100) deprived the trial court of

jurisdiction to issue the renewed DVRO with minor as an additional protected party; (2) the court abused its discretion by improperly accessing and relying on sealed juvenile records and failing to consider exculpatory evidence; and (3) substantial evidence did not support a finding that minor was in need of protection under the renewed DVRO. None of these claims has merit.

## II. *Procedural Deficiencies Do Not Warrant Reversal.*

Mother argues that since minor was "not listed as a protected party in any valid or current DVRO at the time of the 2023 renewal request, the proper legal procedure would have been to file a new petition using [Judicial Council Forms] Form DV-100. Respondent did not do so. As a result, the inclusion of [minor] in the renewed restraining order issued on October 19, 2023, was procedurally improper and legally invalid."

Mother's argument fails. Even assuming for the sake of argument father should have filed Judicial Council Forms, form DV-100, the form for a new DVRO request, rather than form DV-700, the form for a DVRO renewal request, mother has not established reversible error. The law is quite clear " ' "a mere irregularity . . . " ' . . . does not constitute reversible error absent a showing of prejudice. . . ." (*Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 221–222; accord, *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107 [Cal. Const., art. VI, § 13, "expressly preclude[s] reversal absent prejudice"].) Mother has identified no prejudice.

In any event, mother's complaint about an incorrect form does not affirmatively demonstrate the trial court erred by issuing the renewed DVRO with minor included as a protected person. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [judgment is presumed correct on appeal and the appellant must affirmatively demonstrate error].) Mother had notice of, and the

6

opportunity to contest, father's request to add minor to the DVRO. Under these circumstances, the trial court had "broad authority under the DVPA to issue 'a panoply of remedial orders' [citation] to 'prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence.' (§ 6220; see also § 6320 et seq. [authorizing issuance of a variety of ex parte orders]; § 6340 et seq. [authorizing issuance of additional orders after noticed hearing].) 'The Legislature has . . . expressed an intent to entrust the courts with some latitude in applying these remedies.' " (*Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 132 (*Parris J.*).) " ' "Therefore, the courts must be entrusted with authority to issue necessary orders suited to individual circumstances, with adequate assurances that both sides of the dispute will have an opportunity to be heard before the court." ' " (*Ibid.*)

Applying these principles here, we find no cause to overrule the trial court's authority to grant father's request to add minor as a protected party in issuing the renewed DVRO.

## III.    *There Was No Abuse of Discretion.*

Mother next contends the trial court abused its discretion by (1) accessing and relying on minor's confidential juvenile dependency records in violation of Welfare and Institutions Code section 827 and (2) "overlook[ing] material evidence regarding her loving relationship with minor. Not so.

Welfare and Institutions Code section 827 authorizes only specified individuals to inspect juvenile court records without a court order. These individuals include: "A judge, commissioner, or other hearing officer assigned to a family law case with issues concerning custody or visitation, or both,

7

involving the minor . . . ." (Welf. & Inst. Code, § 827, subd. (a)(1)(L).) As such, the trial court was indeed authorized to review minor's records in ruling on father's DVRO renewal request. However, that is not what occurred here. Rather, at the hearing, father's counsel questioned mother about certain allegations and findings made in the dependency proceedings involving minor. However, at no point did father or counsel offer into evidence any of the underlying juvenile records, and, as such, the court had no cause to review them. Welfare and Institutions Code section 827 was thus never triggered.

As to mother's "overlooked" evidence—specifically, a video in which minor asked a Los Angeles County judge to allow mother to pick him up from school—the trial court sustained father's objection to its admission on relevance and hearsay grounds. In doing so, the court accepted father's argument that the video, made over two years earlier for other court proceedings, was not relevant to his current renewal request.

On appeal, mother has not established, with citation to relevant authority, that the court's ruling was an abuse of discretion. While she insists the evidence "demonstrates a level of trust and emotional comfort" between her and minor, she fails to address the stale nature of the two-year-old video or the court's hearsay concerns. As such, her argument is forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [when a party raises an issue but "fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

## IV. *Substantial Evidence Supported the Renewed DVRO.*

Mother also challenges the sufficiency of the evidence supporting the renewed DVRO. Her challenge fails.

8

As an initial matter, we agree with father that mother forfeited her challenge by failing to " 'set forth in [her] brief all the material evidence on the point and not merely [her] own evidence.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881, italics omitted.) As the reviewing court, we " 'start[] with the presumption that the record contains evidence to sustain every finding of fact.' " (*Ibid.*) In light of mother's failure to adequately address the record before the trial court, this presumption is not overcome.

In any event, our own brief review of the record confirms the renewed DVRO was well supported. The prior DVRO prohibited mother from, among other things, harassing, threatening, following, stalking or disturbing the peace of father. Father submitted evidence of multiple violations of these prohibitions. This evidence included an incident on June 5, 2023, wherein mother engaged in stalking-type behavior at the office of minor's therapist on a day when father was scheduled to bring minor in for a therapy session. Emails from the owner of the business reflect that mother visited several times, demanding to speak to minor's therapist, and then refused the owner's requests that she leave. When father and minor arrived for the scheduled session, they observed mother parked nearby in her vehicle. The owner subsequently wrote an email to mother, warning: "Please understand that this behavior is unacceptable and endangers your child's therapy by crossing boundaries and being intrusive. Our job is to provide high quality counseling services that meet the client's needs and address the presenting problem. We can only do that within healthy boundaries and protecting all clients' confidentiality."

Father also presented evidence that mother, while communicating by email with him about visitation issues, repeatedly (over a dozen times)

9

threatened that he " 'deserve[d] to go to jail,' " his " 'place is in jail,' " and the like.

Not only did mother's conduct in these instances disturb father's peace, but also her conduct disturbed minor's peace. This is particularly so given that, in the first instance, it occurred at minor's therapist's office, which should be reserved as a safe place for him to visit and seek treatment. Based on the totality of circumstances, we conclude father established a reasonable apprehension of future abuse directed at him and minor such that he was entitled to the renewed DVRO. (E.g., *Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 181 [" 'any violation of a restraining order is very serious, and gives very significant support for renewal of a restraining order' "]; *Parris J., supra*, 96 Cal.App.5th at p. 121 ["the relevant inquiry [under § 6320] is simply whether the person against whom the DVRO is sought engaged in 'conduct that, based on the totality of the circumstances, destroy[ed] the mental or emotional calm of the other party.' (§ 6320, subd. (c).)"].)

While other evidence in the record provided additional support for the renewed DVRO, we need not discuss it. "[T]he appellate court's power begins and ends with a determination of whether there is any substantial evidence" (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582), that is, " ' " 'evidence that is reasonable, credible, and of solid value . . . .' " ' " (*People v. Ramirez* (2022) 13 Cal.5th 997, 1117–1118.) Here, this standard is met.

## V. *The Court's Order on Mother's Motion for Reconsideration Stands.*

Lastly, mother contends the trial court erred by (1) sealing and refusing to consider evidence she submitted with her motion relating to father's previous history of domestic violence when the case was in juvenile court; (2) refusing to permit testimony from minor's therapist, whom mother

10

subpoenaed, regarding "the child's mental health and any impact of custody arrangements"; and (3) failing to consider minor's best interests before reaffirming the renewed DVRO.[5]  None of her contentions has merit.

First, the trial court did not, as mother claims, refuse to consider her domestic violence evidence.  The court not only accepted mother's evidence but also gave mother the opportunity to address the evidence in argument, which she did as follows:  "So Petitioner brought some new documents as an appeal. . . .  Petitioner was also found guilty in all the counts of sexual abuse of the child and the domestic violence perpetrator. . . . [¶] The section about Kung Fu and punched in the nose this is false.  I never admitted I abused my child. . . . [¶] Again, he's making false allegations.  Again, he's lying that I admitted and he's lying again about his own part of, you know, trauma to the child that he caused." (*Sic*.)  After mother's argument, the court expressly stated:  "I read and considered all the filings in this case as I indicated.  I've heard both parties today."  Nonetheless, the court reaffirmed the renewed DVRO.

The court's decision was not an abuse of discretion.  The court could have reasonably concluded that mother's evidence provided no grounds for

---

[5] Mother raises two additional arguments in her briefs: (1) the court's May 3, 2024 order granting sole legal custody to father lacked notice or legal basis; and (2) the court failed to address father's "longstanding pattern of interfering with [mother's] parenting time, which has been raised repeatedly in prior proceedings."  Neither contention is properly before us.  Mother's notices of appeal identify only two orders:  the October 19, 2023 renewed DVRO and the January 18, 2024 order on mother's motion for reconsideration.  Accordingly, prior court orders regarding custody or visitation are outside the scope of these appeals.  As to custody, father correctly notes he has had sole legal custody of minor since the "unappealed" order of January 14, 2020.  As to mother's "parenting time" concern, we also deem the issue forfeited since she raised it for the first time in her reply brief, unfairly depriving father of the opportunity to respond.

disturbing the renewed DVRO given that it was neither new nor related to the issue at hand, to wit, whether father established grounds for renewing the DVRO. (See *Navarro, supra*, 108 Cal.App.5th at p. 237 [the relevant inquiry for renewal of a DVRO is whether the *protected party* entertains a reasonable apprehension of future abuse].)

Nor did the court refuse to allow minor's therapist to testify. Rather, at the hearing mother argued that the therapist should be permitted to testify regarding minor's mental health. Father objected on the grounds that any such testimony would violate the confidentiality of the patient–therapist relationship. Mother did not respond to father's objection. Nor did she ask the court to rule on the admissibility of the therapist's proposed testimony. Instead, the court and the parties pivoted to other issues and never returned to the issue of whether the therapist could testify. Given mother's failure to secure a ruling from the court, she forfeited her right to seek review of this issue on appeal. (*Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 848 [" '[appellant's] failure to press for a ruling . . . waives the issue on appeal' "].)

Finally, mother contends the trial court failed to consider minor's best interests before adding him as a protected party. She insists the "inconsistency" between adding minor to the DVRO while continuing to allow her unmonitored weekly visitation "highlights a lack of coherent reasoning and a failure to properly consider [minor's] best interests." We disagree. Again, applying the presumption of correctness to the renewed DVRO (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564), we conclude the court could have reasonably found minor's interests would be best served by restricting mother's time with him to the court-ordered visitation schedule while restricting her access to him at other times, such as when he was

attending school, therapy or visiting friends.  Despite having the burden of proof (*ibid.*), mother makes no showing otherwise.

## DISPOSITION

The trial court orders of October 19, 2023, and January 18, 2024, are affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A169287, A170016/*Daniel D. v. Zoya K.*